

FILED
'10 OCT -7 PM 1:17

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA M. HARRIS, <br><br> Plaintiff, <br> vs. <br><br> MANPOWER, INC., <br><br> Defendant. | CASE NO. 09-cv-2368 BEN (JMA) <br><br> ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT <br><br> [Docket No. 25] |

Before the Court is Defendant's Motion for Summary Judgment ("Motion"). For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

This action is a class action that arises from the alleged nonpayment of vacation benefits at the time of an employee's termination, as required under California Labor Code section 227.3 and related provisions. Plaintiff is the only named plaintiff. It is undisputed that Plaintiff was an associate employed by Defendant from November 2008 through August or September 2009. (Compl., ¶ 18; Honesty Decl., ¶ 3.) Plaintiff does not dispute that her eligibility for vacation benefits is governed by the associate vacation policy, Paid Leave Plan and Trust Agreement, which were in effect at the time of her employment.

On October 23, 2009, the action was removed to this Court. (Docket No. 1.) The operative complaint is the First Amended Complaint that states three causes of action: (1) Violation of California Labor Code §§ 200 et seq. (First Cause of Action); (2) Unjust Enrichment (Second Cause of Action);

(3) Violation of Business & Professions Code §§ 17200 et seq. (Third Cause of Action). (Docket No. 14.)

On June 30, 2010, Defendant filed the Motion currently before the Court. (Docket No. 25.) Plaintiff filed an opposition, and Defendant filed a reply.

For the reasons that follow, the Court **GRANTS** Defendant's Motion.

## DISCUSSION

Summary judgment should be granted when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Defendant seeks summary judgment on two grounds: (1) all of Plaintiff's claims are preempted by federal law under the Employee Retirement Income Security Act ("ERISA"), and (2) assuming ERISA preemption does not apply, Plaintiff's claims fail as a matter of state law.

**I.    PREEMPTION**

ERISA's preemption provision is codified at 29 U.S.C. § 1144 and states that ERISA supercedes state laws that "relate to" an ERISA benefit plan. 29 U.S.C. § 1144. ERISA displaces all state laws "within its sphere, even including state laws that are consistent with ERISA's substantive requirements." *Metropolitan Life Ins. Co. v. Massachusetts*, 471 U.S. 724, 739 (1985). The Supreme Court has interpreted this preemption provision as "deliberately expansive." *Pilot Life Ins. Co. v. Dedeax*, 481 U.S. 41, 46 (1987). The issue here is whether Defendant's vacation policy and related contracts constitute a ERISA benefit plan. Under the facts of this case, Defendant's vacation policy is a ERISA benefit plan if it is not a "payroll practice" under 29 C.F.R. § 2510.3-1(b)(3).

A policy or plan is not a "payroll practice" if vacation benefits are not paid from an employer's general assets (including a payroll account) but rather are paid from a trust account that is a bona fide separate fund, has a direct legal obligation to pay benefits under the plan, contains a contribution obligation enforceable against the employer, and contains contributions that are actuarially determined or otherwise bear a relationship to the plan's accruing liability. 29 C.F.R. §2510.3-1(b)(3); *see also Massachusetts v. Morash*, 490 U.S. 107, 117-18 (1989); Department of Labor Advisory Opinion 2004-

1  10A, 2004 ERISA LEXIS 11, at * 2-3 (Dec. 30, 2004). As the Supreme Court explained, in enacting
2  ERISA, "Congress' primary concern was with the mismanagement of funds accumulated to finance
3  employee benefits and the failure to pay employees benefits from accumulated funds." *Morash*, 490
4  U.S. at 115.
5    Here, it is undisputed that an employee's vacation benefits were paid through the employee's
6  regular payroll check. (Ostroff Decl., Ex. 9, Nos. 9, 10.) It is further undisputed that, during the
7  relevant time period, vacation benefits were paid as part of an "advance and recapture" arrangement
8  whereby vacation benefits were paid from Defendant's payroll account, when due, and then
9  reimbursed from a separate trust account that was maintained for the purpose of satisfying these
10 obligations. (Ostroff Decl., Ex. 9, Nos. 9, 10, 17; Honesty Decl., ¶¶ 13-14.) The Court finds that the
11 vacation benefits in this case were clearly paid from Defendant's general assets. However, the facts
12 are made more complicated by the reimbursement aspect of the plan.
13   Reimbursement of funds from a trust account may bring a plan under ERISA where, as noted,
14 the trust account has a direct legal obligation to pay benefits under the plan, contains a contribution
15 obligation enforceable against the employer, and contains contributions that are actuarially determined
16 or otherwise bear a relationship to the plan's accruing liability. Department of Labor Advisory
17 Opinion 2004-10A, 2004 WL 3244869, at * 3 (Dec. 30, 2004); *see also Villegas v. Pep Boys Manny*
18 *Moe & Jack of California*, 551 F. Supp. 2d 982, 985-989 (C.D. Cal. 2008). In this case, it is
19 undisputed that a bona fide separate fund existed during the relevant time period. Additionally, the
20 evidence shows Defendant made large contributions to the trust each year, which bore at least some
21 relationship to the accrued liability. (Honesty Decl., ¶¶ 12, 18.) However, Defendant, not the trust,
22 was liable for the payment of benefits. (Ostroff Decl., Ex. 9, Nos. 9, 10, 17; Honesty Decl., ¶¶ 13-14.)
23 The function of the trust was merely to reimburse Defendant for benefits paid under the vacation
24 policy. (Honesty Decl., ¶ 10, Ex. C.) That the trust may contain an obligation to pay the benefits and
25 an obligation on Defendant to make contributions does not change the essential nature of the trust as
26 "a mere pass-through vehicle" for Defendant's payment of vacation benefits or result in the trust
27 constituting a separate fund that provides genuine protections for the accrued benefits. Department
28 of Labor Advisory Opinion 2004-08A, 2004 WL 2074325, at * 9-10 (July 2, 2004); *see also Villegas*,

551 F. Supp. 2d at 991-92.

Accordingly, the Court finds that Defendant's vacation policy is not a ERISA plan and, therefore, ERISA preemption does not apply.

## II. SUMMARY JUDGMENT

Defendant contends that summary judgment is still appropriate because Plaintiff's claims fail as a matter of state law. As noted, Plaintiff asserts three causes of action: (1) Violation of California Labor Code §§ 200 et seq. (First Cause of Action); (2) Unjust Enrichment (Second Cause of Action); (3) Violation of Business & Professions Code §§ 17200 et seq. (Third Cause of Action). (Docket No. 14.) These claims are based on Plaintiff's allegations that Defendant's vacation policy imposed unlawful condition precedents, precluded the payment of pro rata vacation benefits, and resulted in the forfeiture of benefits. The Court only addresses those allegations that pertain to Plaintiff, as Plaintiff is the only named plaintiff in this action. *Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1013, n.1 (9th Cir. 2000).

### A. WAITING PERIOD

It is undisputed that Defendant's vacation policy requires an employee to work 1,500 hours within a single plan year before accruing vacation benefits. (Honesty Decl., ¶ 10, Ex. G.) Once the condition is met, the employee is immediately vested with 40 hours of vacation pay benefits. *Id.*

In *Owen v. Macy's Inc.*, 175 Cal. App. 4th 462 (2009), the California Court of Appeals found that a similar waiting period did not violate the Labor Code. In *Owen*, the employer required an employee to work a minimum of six months before accruing vacation benefits. The court affirmed the trial court's finding that, if an express written policy forewarns new employees that they have no right to vacation benefits until a certain waiting period expires, then no vacation pay is earned and vested during that waiting period. *Id.* at 465, 470. The court noted that state law does not require an employer to grant vacation benefits and, if an employer does grant such benefits, state law does not dictate the point at which those benefits commence. *Id.* at 469-70. Accordingly, the court held that because the employee did not accrue vacation benefits during his employment, the employee's claim for forfeiture under the Labor Code failed as a matter of law.

Here, Defendant's express written policy clearly and unambiguously states that vacation

benefits do not accrue until an employee completes 1,500 hours of work, at which point the employee is immediately vested with 40 hours of vacation pay benefits. (Honesty Decl., ¶ 19, Ex. G.) It is undisputed that Plaintiff failed to work 1,500 hours. (Honesty Decl., ¶ 21.) As such, similar to the plaintiff in *Owen*, Plaintiff did not accrue vacation benefits. Although Defendant's policy conditions vacation benefits on the number of hours that an employee works rather than the number of months, the Court finds this distinction irrelevant and merely reflective of the type of employment at issue here, namely temporary employment. The Court also does not find it dispositive that the 1,500-hour waiting period must be satisfied each year, as such condition is likewise the result of the employees' unique employment.

Additionally, as noted, state law does not require that an employer grant vacation benefits. *Owen*, 175 Cal. App. 4th at 468. Rather, an employer must, among other things, abide by any express written policy that sets forth the employee's right to vacation benefits. *Id.* The existence of a clear and express waiting period in Defendant's policy distinguishes this case from *Suastez v. Plastic Dress-Up Co.*, 31 Cal.3d 774 (1982). In *Suasetz*, the employer's policy stated vacation benefits began to accrue upon employment, but did not vest until after one year. The court held that the *Suastez* policy constituted an unlawful forfeiture of benefits when the plaintiff's employment terminated before the one-year period expired. Those circumstances are not present here and, therefore, *Suastez* is inapposite.

Accordingly, as held in *Owen*, the Court finds that Plaintiff's claims based on Defendant's "waiting period" fail as a matter of law.

**B. USE-IT-OR-LOSE-IT AND OTHER PROVISIONS**

Plaintiff's claims are not based merely on the vacation policy's waiting period. Rather, Plaintiff also asserts claims based on the vacation policy's allegedly impermissible use-it-or-lose-it provision, 90-day work period provision, and other provisions. (Opp., 6.) As noted above, Plaintiff did not work 1,500 hours for Defendant and did not accrue vacation benefits. Therefore, these other claims do not apply to Plaintiff. Plaintiff also cites vacation policies and related contracts that pre-date her employment or pertain to "professional consultants" as opposed to "associates" like Plaintiff. *Id.*

At this stage of the case, because the Court only determines whether the named plaintiff's

claims fail as a matter of law, the Court declines to address these other claims. *Aguilera*, 223 F.3d at 1013, n. 1.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion for summary judgment. The Clerk is directed to enter judgment in favor of Defendant and close the file in this case.

**IT IS SO ORDERED**.

Date: October 06, 2010

Hon. Roger T. Benitez
United States District Court Judge