FILED

2010 NOV 30  AM 10: 31

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____*O8*_____DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA M. HARRIS, | CASE NO. 09-CV-2368 BEN (JMA) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | |
| MANPOWER INC., | [Docket No. 49] |
| Defendant. | |

Before the Court is Plaintiff's Motion for Reconsideration of the Court's Order Granting Defendant's Motion for Summary Judgment. (Docket No. 49.) For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

This action is a class action that arises from the alleged nonpayment of vacation benefits at the time of an employee's termination, in violation of California Labor Code section 227.3 and related provisions. On October 7, 2010, the Court entered an order ("Order") granting summary judgment in favor of Defendant. (Docket No. 47.) Specifically, the Order held that Defendant's vacation policy clearly and ambiguously provided that benefits do not accrue until an employee completes 1,500 hours of work, at which point the employee is immediately vested with 40 hours of vacation pay benefits. *Id.*, p. 4-5. The Court found this provision established a clear and express waiting period before any benefits began to vest. *Id.* As it was undisputed that Plaintiff did not satisfy the 1,500-hour waiting period, the Court found that Plaintiff's claims failed as a matter of law. *Id.*

1    On October 15, 2010, Plaintiff filed a Motion for Reconsideration pursuant to Federal Rules

2  of Civil Procedure 59(e) and 60(b), which is currently pending before the Court. (Docket No. 49.)

3  Defendant filed an opposition, and Plaintiff filed a reply. (Docket Nos. 50, 51.)

4    For the reasons set forth below, the Motion is **DENIED**.

5                                    **DISCUSSION**

6    "Reconsideration is appropriate if the district court (1) is presented with newly discovered

7  evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an

8  intervening change in controlling law." *School Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d

9  1255, 1263 (9th Cir. 1993) (citing *All Hawaii Tours, Corp. v. Polynesian Cultural Ctr.*, 116 F.R.D.

10 645, 648 (D. Haw. 1987), *rev'd on other grounds*, 855 F.2d 860 (9th Cir. 1988)); *see also Carroll v.*

11 *Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). The second and third elements of clear error and

12 intervening change in controlling law are at issue here. Specifically, Plaintiff contends the Court erred

13 in finding Defendant's vacation policy to be clear and unambiguous, and further erred by following

14 *Owen v. Macy's Inc.*, 175 Cal. App. 4th 462 (2009). Plaintiff also contends reconsideration is

15 appropriate in light of "new controlling law" in the Southern District of California. (Mot., p. 2.)

16 **I.  CLEAR ERROR**

17    Plaintiff first contends the Court erred by citing a declaration of Barbara Honesty, Defendant's

18 Director of Strategic Benefit Services and Human Resources Information Systems, in finding that

19 Defendant's vacation policy is clear and unambiguous. (P. & A., p. 5.) According to Plaintiff, Ms.

20 Honesty's declaration inaccurately summarized Defendant's vacation policy. *Id.*

21    Although the Order cites Ms. Honesty's declaration, the citation is to the declaration's exhibit

22 that includes a copy of the vacation policy at issue in this case and to the paragraph in Ms. Honesty's

23 declaration that authenticates such copy. (Order, 4:28-5:2.) The Court did not rely on any purported

24 characterization of the policy by Ms. Honesty herself. Any similarity in verbiage between the

25 declaration and the Court's Order is attributable to the decision in *Owen v. Macy's Inc.*, 175 Cal. App.

26 4th 462 (2009), upon which the Order expressly relies, and not to Ms. Honesty's declaration, as

27 Plaintiff contends. The Court further notes that the vacation policy attached to Ms. Honesty's

28 declaration is substantially similar to the policy attached to Plaintiff's Complaint; therefore, any

1   suggestion by Plaintiff that the policy is incorrect lacks merit.  (Compl., ¶¶ 8-9, Ex. 1.)

2       Plaintiff further claims the Court erred by relying on *Owen*, rather than *Suastez v. Plastic*

3   *Dress-Up Co.*, 31 Cal. 3d 774 (1982).  (P. & A., p. 6.)  For the reasons set forth in the Order, the Court

4   found *Suastez* inapposite and, instead relied on *Owen*.  (Order, p. 5.)  A motion for reconsideration is

5   not a proper vehicle to reargue this point.  *Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*,

6   248 F.3d 892, 899 (9th Cir. 2001); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) ("The

7   motion was properly denied here because. . . it presented no arguments that had not already been raised

8   in opposition to summary judgment.").  Plaintiff's other claim that the unpublished decision in *Lopez*

9   *v. G.A.T. Airline Ground Support, Inc.*, 2010 WL 2839417 (S.D. Cal. July 19, 2010) (Gonzalez, C.J.)

10  controls the outcome in this case is addressed below.

11              **II.  INTERVENING CHANGE IN CONTROLLING LAW**

12      Plaintiff contends that reconsideration is appropriate in light of "new controlling law" in the

13  Southern District of California.  Specifically, Plaintiff contends *Lopez* controls the outcome in this case

14  and that the Order is inconsistent with *Lopez*.

15      The Court first notes that the decision in *Lopez* was entered more than a month before Plaintiff

16  filed her opposition to the summary judgment motion.  Therefore, *Lopez* is not an "intervening

17  change" in law for purposes of reconsideration.  Even if it were an intervening change in law, the

18  Court notes that the decision is unpublished and by another district judge; therefore, it is not

19  "controlling law" for purposes of reconsideration.  Additionally, Plaintiff never cited *Lopez* in her

20  opposition to the summary judgment motion. *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135,

21  1142 n. 6 (9th Cir. 1999) (the district court did not abuse its discretion when it declined to reopen the

22  case to consider an argument made for the first time in a motion for reconsideration); *ACandS, Inc.*,

23  5 F.3d at 1263 (finding no abuse of discretion when district court refused to reconsider its summary

24  judgment ruling in light of evidence not introduced in original motion or opposition).  Therefore,

25  *Lopez* is not grounds for reconsidering the Order in this case.  Nonetheless, the Court has reviewed

26  *Lopez* and finds that *Lopez* does not alter the analysis set forth in the Order.

27          **III.    MANIFEST INJUSTICE**

28          Plaintiff contends that, absent the relief requested in the Motion, Plaintiff will be forced to

1  expend substantial time and money on appeal and there may be a delay in ruling on her claims.

2  According to Plaintiff, these circumstances constitute a manifest injustice that warrants reconsideration

3  of the Order.  These circumstances, however, exist in every situation where, as here, a party does not

4  win; they do not constitute the "manifest injustice" that warrants reconsideration. *See Straw v. Bowen*,

5  866 F.2d 1167, 1172 (9th Cir. 1989) (reconsideration requires a demonstration of "extraordinary

6  circumstances" to justify relief from judgment).

7                                          **CONCLUSION**

8         For the reasons set forth above, Plaintiff's Motion for Reconsideration (Docket No. 49) is

9  **DENIED.**

10  **IT IS SO ORDERED**.

11  Dated:_____, 2010

12                                          Hon. Roger T. Benitez
                                            United States District Court Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

09CV2368